

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

EDSON ALTINO,

Defendant.

---

**Statement of Reasons Pursuant to 18 U.S.C. § 3553(a)**

17-CR-57

JACK B. WEINSTEIN, Senior United States District Judge:

**Parties**

The United States of America

Edson Altino

**Appearances**

Sarah Evans
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

Susan V. Tipograph
11 Park Place
Suite 914
New York, NY 10007

Table of Contents

I. Introduction ........................................................................................................ 2
II. Facts .................................................................................................................... 2
  a. Instant Offense ................................................................................................ 2
  b. Arrest ............................................................................................................... 3
  c. Guilty Plea ....................................................................................................... 3
III. Offense Level, Category, and Sentencing Guidelines Range ........................... 3
  a. Offense Level .................................................................................................. 3
  b. Criminal History ............................................................................................. 4
  c. Sentencing Guidelines Range ......................................................................... 4
IV. Law ..................................................................................................................... 4

V.   18 U.S.C. §3553(a) Considerations ................................................................................. 5
VI.  Conclusion .................................................................................................................... 6

I.   Introduction

While carrying a revolver, Edson Altino ("Altino") was arrested during the commission of a robbery at a Chase Bank, in Queens, New York. Presentence Investigation Report ("PSR") ¶ 1.

He was sentenced to time served for the bank robbery, and a mandatory seven years' incarceration for carrying a firearm during a crime of violence. *See* Hr'g Tr. 9:2-21, Apr. 23, 2018. He will pay no fine; a $200 special assessment is imposed; and he will serve three years supervised release. *Id.* at 9-11.

Present at sentencing were Altino's wife, his one-year old child, mother and father, two brothers, and the family pastor. *See* Hr'g Tr., Apr. 23, 2018.

An incarceratory sentence above the mandatory minimum would burden the state and reduce the likelihood of Altino successfully re-integrating into society.

II.  Facts

   a.   Instant Offense

On January 28, 2017, Altino and Quiamme Davies ("Davies"), a co-defendant, robbed a branch of JPMorgan Chase Bank, in Queens, New York. PSR ¶ 4. Once inside the bank, Altino and Davies demanded access to the bank vault. *Id.* Davies brandished a loaded firearm. *Id.* Three bank employees entered the vault with Davies and began to gather the cash. *Id.* Altino brought a fourth employee into the vault, and bound two employees' hands with zip ties. *Id.*; *see also* Gov't Sentencing Mem., ECF No. 91, Apr. 18, 2018, at 1. During the incident, an employee activated a silent alarm notifying the Police Department. PSR ¶¶ 4-5.

b. Arrest

New York police officers arrived promptly: they saw Davies with a firearm in his hand. Gov't Sentencing Mem., at 2. After a brief standoff, the defendants were taken into custody. PSR ¶ 6.

c. Guilty Plea

Altino pled guilty, on July 20, 2017, to: (1) taking by force, violence, and intimidation, from the person and presence of another, money belonging to and in the care, custody, control, management and possession of a bank or other financial institution, the deposits of which are insured by the Federal Deposit Insurance Corporation, and, in so doing, putting in danger the life of a person by the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and 2113(d); and (2) using and carrying a firearm during and in relation to a crime of violence, and possessing the firearm in furtherance of the crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii). PSR ¶¶ 1-2.

III. Offense Level, Category, and Sentencing Guidelines Range

a. Offense Level

The base offense level for robbery is 20. *See* PSR ¶ 17; USSG § 2B3.1(a). Six points are added for specific offense characteristics: two points since the robbery involved the taking of property from a financial institution, *see* PSR ¶ 18; USSG § 2B3.1(b)(1); two points because a person was physically restrained to facilitate the commission of the offense, *see* PSR ¶ 19; USSG § 2B3.1(b)(4)(B); and two points because the intended loss was calculated at $133,794, *see* PSR ¶ 20; USSG § 2B3.1(b)(7)(C). Because Altino has demonstrated acceptance of responsibility, two points are deducted from the offense level. *See* PSR ¶ 31; USSG § 3E1.1(a). Altino gave

the Government timely notice of his intention to plead guilty, resulting in a one-point deduction. This brings the total adjusted offense level to 23. PSR ¶ 33.

With respect to count two, the term of imprisonment for a violation of 18 U.S.C. § 924(c)(1)(A)(ii) must be imposed at a term not less than seven years, to run consecutive to any other term of imprisonment.

### b. Criminal History

Altino has a substantial criminal history score of five, which establishes a criminal history category of III. Gov't Sentencing Mem., at 3.

### c. Sentencing Guidelines Range

Based on a total offense level of 23 and a criminal history category of III, the guideline imprisonment range for count one is 57-71 months. PSR ¶ 79. Count two requires a mandatory consecutive term of imprisonment of 7 years. *Id.*

IV. Law

A "court shall impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The Sentencing Guidelines are advisory; a court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker,* 543 U.S. 220 (2005); *see also United States v. Cavera,* 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is outside the Guidelines range, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. §

4

3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* The statement of reasons shall "set forth enough to satisfy the appellate court that [the sentencing court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *See Rita v. United States*, 551 U.S. 338, 356, (2007); *see also Cavera*, 550 F.3d at 193 ("A district judge imposing a non-Guidelines sentence . . . should say why she is doing so, bearing in mind . . . that a major departure from the Guidelines should be supported by a more significant justification than a minor one.") (internal citations omitted).

V.  18 U.S.C. §3553(a) Considerations

Under 18 U.S.C. § 3553(a) the court is instructed to consider the traditional sentencing factors of retribution, deterrence, incapacitation, and rehabilitation, as well as the "nature of the offense," and the "characteristics of the defendant."

A detailed statement of reasons is important for appellate review, as well as to improve the sentencing process.

> [A] system in which sentencing judges are required to provide more detailed explanations for their decisions could have benefits including reducing judges' cognitive biases toward following the Sentencing Guidelines without further consideration, communicating respect for defendants and their participation in the criminal justice process, and contributing to the improvement of the Guidelines in the future. Models for such a raised standard of judicial explanation exist already: for example, in American immigration courts and in criminal courts in most of continental Europe.

*Due Process Clause-Federal Sentencing Guidelines- Beckles v. United States*, 131 Harv. L. Rev. 302 (2017).

Altino is a forty year-old United States citizen. PSR ¶ 2. He has five siblings, and was raised by both parents. PSR ¶¶ 42-43. His father worked at three separate jobs to support the family. PSR ¶ 44. His parents were strict. PSR ¶ 45. He and his siblings were subject to stern

5

discipline. *Id.* He was forced to "figure out what life was about" and support himself financially when he was 13 years old. *Id.*

When he was nineteen years old, Altino was involved in a string of robberies, including one where the victim was shot and killed. PSR ¶ 35. *Id.* He served approximately nine years in prison and was released on parole in 2007. *Id.*

He has a six-year-old child from a previous marriage. PSR ¶ 47. Prior to his arrest in this case, he financially supported his child, and has maintained a close relationship with him, receiving drawings from his son while incarcerated. *See* Def's Sentencing Mem., ECF No. 90-2, Apr. 17, 2018, at 8.

Altino and his current wife have had a good relationship for over six years. PSR ¶ 48. When his wife was pregnant with their child, she suffered from several medical problems. Def's Sentencing Mem., at 2. Their child was born prematurely; Mrs. Altino spent several months in the hospital. *Id.* Altino was responsible for taking care of their child and attending to his wife; he lost his job, which led him to fall behind on rent and bills. *Id.*

As a result of these financial hardships, Altino turned to his co-defendant, Davies, to borrow money. *Id.* Instead, the two decided to rob a bank, resulting in the instant conviction.

Although none of the customers or employees suffered physically harmed during the robbery "they were most certainly terrified and continue to suffer from the traumatic experience they underwent." Hr'g Tr. 6:17-18, Apr. 23, 2018.

VI. Conclusion

The court considered the relevant factors under 18 U.S.C. § 3553(a) in deciding to depart from the sentencing guidelines.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: May 16, 2018
       Brooklyn, New York