UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

United States of America,

– against –

Edson Altino

                Defendant.

NOT FOR PUBLICATION

MEMORANDUM & ORDER

17-cr-57 (ERK)
19-cv-5152 (ERK)

KORMAN, *J.*:

In January 2017, Edson Altino committed a robbery at a Chase Bank in Queens while his co-defendant Quaimme Davies brandished a gun. "Davies and Altino demanded access to the bank vault, while Davies brandished a firearm loaded with hollow point bullets. A bank employee activated a silent alarm, which notified the New York City Police Department that a robbery was in progress. Davies forced three employees to enter the vault. [Davies] emptied the vault of the cash, and placed the stolen cash in a bag. Altino brought a fourth employee into the vault and bound two employees' hands with zip ties." *United States v. Davies*, 2020 WL 2307650, at *1 (E.D.N.Y. May 8, 2020) (internal citations omitted). After the police arrived, Altino suggested that he and Davies take hostage one of the employees, and Altino forced one of the employees to stand up. *Id.* Davies replied that there were too

1

many officers to resist and unloaded the firearm and tossed it and the magazine toward the police. *Id.* Altino and Davies were then arrested. *Id.*

On July 20, 2017, Altino pled guilty to one count of bank robbery (18 U.S.C. § 2113) and one count of aiding and abetting the brandishing of a firearm during a crime of violence (18 U.S.C. § 924(c)). Judge Weinstein sentenced him to time served on the § 2113 count and seven years' imprisonment on the § 924(c) count.

Section 924(c) imposes a mandatory consecutive sentence if an individual "uses or carries a firearm" "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" in two ways: either a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The former definition is often referred to as the "elements" or "force" clause, and the latter as the "residual" or "risk-of-force" clause. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018); *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336.

2

## **DISCUSSION**

"A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Altino seeks to vacate the § 924(c) conviction on the ground that bank robbery under § 2113 does not constitute a crime of violence under the elements clause. He also contends that he received ineffective assistance of counsel and that the government failed to timely disclose exculpatory evidence, which Altino claims establishes his innocence.

### I.     **Section 2113 Bank Robbery Is A Crime of Violence Under § 924(c)**

"To determine whether a crime is a 'crime of violence' under § 924(c)(3)(A) [the elements clause], [the Second Circuit] appl[ies] the so-called 'categorical approach.'" *Hendricks*, 921 F.3d at 327. This approach "evaluate[s] a prior conviction in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *United States v. Evans*, 924 F.3d 21, 25 (2d Cir. 2019) (internal quotation omitted). "In the event a statute criminalizes multiple acts in the alternative, thereby defining multiple crimes, it is considered 'divisible,'" and "the modified categorical approach" applies. *United States v. Moore*, 916 F.3d 231, 238 (2d Cir. 2019). If a statute is divisible, "a court . . . look[s] to 'a limited class of documents,' such as 'the

3

indictment, jury instructions, or plea agreement and colloquy' to determine which . . . alternative offense[] was the offense of conviction. The court . . . then return[s] to the categorical analysis" as it relates to the specific offense of conviction. *Id.* (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). Here, there is no dispute that Altino pled guilty under 18 U.S.C. § 2113(a)'s criminalization of

> [w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association[.]

Altino argues that § 2113 bank robbery is not a crime of violence because it can be committed by "intimidation," which he contends does not necessarily involve the "use, attempted use, or threatened use of physical force[.]" The Second Circuit has rejected that argument. In *Hendricks*, the Court held that, under the elements clause, bank robbery under § 2113 that is "committed 'by intimidation' categorically constitutes a crime of violence for the purposes of § 924(c)(1)(A)[.]" 921 F.3d at 328 & n.36. Likewise, in *Evans*, the Second Circuit held that § 2113 bank robbery "necessarily involves the threat to use force" and thus constitutes a violent felony under the virtually-identical elements clause of the Armed Career Criminal Act. 924 F.3d at 29–30 (citing 18 U.S.C. § 924(e)(2)(B)(i)); *see also id.* at 29 n.4 (explaining that the Circuit's cases have "noted the similarities between ACCA's 'elements clause' and § 924(c)(3)'s 'force clause' and have accordingly looked to cases

4

analyzing ACCA's elements clause to interpret the similarly worded force clause presented in 924(c)(3)(A)" (internal quotation omitted)).

Altino criticizes the Second Circuit's opinions for allegedly overlooking hypotheticals in which a bank robber could intimidate without using, attempting or threatening force, but I am bound to follow the Second Circuit all the same. Indeed, the hypotheticals he offers—for example, that a bank robber could "calmly" intimidate the teller with a video the robber threatens to release—are precisely the "application of legal imagination" rejected by the *Evans* court. 924 F.3d at 30. Altino's motion to vacate the § 924(c) count based on the argument that § 2113 bank robbery is not a crime of violence is therefore denied.

## II. Altino's Pro Se Claims Lack Merit

In a pro se submission, Altino argues that what he characterizes as newly-obtained video evidence demonstrates his innocence, and that his counsel's failure to provide such evidence to him constituted ineffective assistance of counsel.[1] Specifically, he claims that the government and his counsel repeatedly provided him with blank discovery CDs that did not include video of the robbery committed by Altino and co-defendant Davies. According to Altino, this video would have

---

[1] According to the U.S. Attorney, this video was disclosed to Altino in discovery prior to his plea.

5

demonstrated his innocence because it would have shown that only Davies brandished the gun in question, not Altino.

As an initial matter, the U.S. Attorney argues that Altino's claim for ineffective assistance of counsel is barred because he filed the motion some months after the one-year deadline provided in 28 U.S.C. § 2255(f).  Altino argues, however, that the deadline should be equitably tolled because during that time he was twice transferred by the Bureau of Prisons—first from MDC in Brooklyn to Berlin, N.H. and then to F.C.I. Fort Dix.  He also asserts that the underlying video was not provided to him before the deadline had run.  To qualify for equitable tolling, Altino must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation omitted).  "Whether a circumstance is extraordinary is based not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather, how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (internal quotation omitted).

Passing over the timeliness of Altino's petition and whether these circumstances require tolling, Altino's arguments fail on the merits.  *See Harrison v. United States*, 2020 WL 4481937, at *3 (E.D.N.Y. Aug. 4, 2020) (collecting cases permitting the court to assume without deciding that a § 2255 motion is timely).

Altino's conviction did not turn on whether he personally had possession of the gun used during the robbery. To the contrary, Altino at his plea hearing stated under oath that only his co-defendant brandished the gun and that he did not know in advance that the co-defendant had a gun, but that "[o]nce [the co-defendant] took out the gun, however, I continued to participate in the robbery." Plea Tr. at 19. The video evidence described by Altino is consistent with his plea and could not have made a difference in his decision to plead guilty. Accordingly, there was no prejudice from his attorney's alleged failure to provide it to him, as there is no "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Altino's claim that the video demonstrates his actual innocence fails for similar reasons. It has never been disputed that, as the video allegedly reveals, Altino did not brandish the gun during the bank robbery in which he participated. He argues, however, that the allegedly exculpatory video would have shown that he did not have advance knowledge of the gun, and that his conviction therefore contravenes *Rosemond v. United States*, 572 U.S. 65 (2014). In *Rosemond*, the Supreme Court held that a conviction for aiding and abetting a violation of § 924(c) requires that the defendant must have "actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or

7

carry a gun during the crime's commission." *Id.* at 67. That advance knowledge ensures that the defendant has an opportunity to withdraw from the crime. *Id.* at 78. Still, the defendant's "advance knowledge" may be inferred from his continued participation in the crime "after a gun was displayed or used by a confederate." *Id.* at 78 n.9; *see also United States v. Prado*, 815 F.3d 93, 105 (2d Cir. 2016) (concluding that jury instruction contained no plain error under *Rosemond* when, "after the gun appeared, [the defendant] continued to play an active role in the crime").

Altino was asked at his plea hearing whether "after he saw the gun [he] had an opportunity to withdraw from the crime and chose not to and chose to continue participating [in] the bank robbery," to which Altino replied "Yes, Your Honor." Plea Tr. at 19. "The Second Circuit has held that a habeas court can consider a guilty plea in the context of making an actual innocence determination." *Harper v. United States*, 2018 WL 2172666, at *2 (E.D.N.Y. May 9, 2018) (internal quotation and citations omitted). In light of his admission at sentencing, Altino's conviction was entirely consistent with *Rosemond*, and his claim that the video would have demonstrated his innocence lacks merit.[2]

---

[2] Altino's petition would also fail if construed as a claim that evidence was unlawfully withheld pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), because for the reasons discussed above the contents of the video (as described

8

## CONCLUSION

The petition for writ of habeas corpus is denied. I also decline to issue a certificate of appealability.

                   **SO ORDERED.**

                   *Edward R. Korman*

Brooklyn, New York              Edward R. Korman
October 5, 2020                 United States District Judge

---

by Altino) would have made no difference to the outcome. *United States v. Cacace*, 796 F.3d 176, 184 (2d Cir. 2015) ("a *Brady* violation still requires a reasonable probability that a different verdict would have resulted from disclosure of the information that the defendant claims was suppressed") (internal quotation omitted).

9